# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

CHRISTOPHER CARTER

NO.: 17-00129-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendant's **Motion to Vacate (Doc. 80)**. The Government did not file an opposition. For the reasons stated herein, the **Motion to Vacate (Doc. 80)** is **DENIED**.

## I.  BACKGROUND

On April 12, 2018, Defendant pleaded guilty to two counts of possessing a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1). On August 10, 2018 Defendant was sentenced to a term of imprisonment of 60 months. (Doc. 77). Defendant now challenges his sentence, asserting that the Court improperly calculated his criminal history points.

## II.  APPLICABLE LAW

A federal prisoner serving a court-imposed sentence may move the court to vacate, set aside or correct his sentence. 28 U.S.C. § 2255(a). However, only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies three grounds on which a motion may be made: (1) the sentence was imposed in violation

of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum. *Id.*

## III. ANALYSIS

On April 8, 2013, Defendant pleaded guilty in state court to three separate criminal offenses. (Doc. 69 at pp. 7-8). Defendant's Presentence Investigation Report factored these offenses into his criminal history computation as follows: Defendant received three points each for two separate charges of illegally using a weapon and one point for simple burglary. (*Id.*) Defendant contends that because he pled guilty to all three offenses on the same day, the Court erred in calculating the criminal history points for each offense separately.

The Court is unpersuaded by Defendant's argument. Although Defendant pled guilty in state court to all three offenses on the same day, each offense stemmed from discrete instances of illegal conduct that occurred on separate dates and resulted in a distinct sentence. Defendant's first illegal use of weapons charge stemmed from an incident that occurred March 29, 2010. (Doc. 69 at p. 7). Plaintiff's simple burglary charge stemmed from an incident that occurred on February 17, 2011. (*Id.*) Finally, Defendant's second illegal use of weapons charge stemmed from an incident that occurred on June 24, 2011. (*Id.*) United States Sentencing Guideline §4A1.1 provides a schedule whereby a defendant's criminal history points are increased based on each distinct prior sentence of imprisonment. It is irrelevant that a defendant pleads guilty to three offenses on the same date. Accordingly, the Court did not err in computing the criminal history points for each offense separately.

2

IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Vacate (Doc. 80)** is DENIED.

Baton Rouge, Louisiana, this __16th__ day of August, 2019.

BRIAN A. JACKSON, DISTRICT JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA